UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COSMETIC WARRIORS LIMITED                CIVIL ACTION

VERSUS                                    No. 09-6381

LUSH BOUTIQUE, L.L.C.                     SECTION "C" (5)

ORDER AND REASONS [1]

Before the Court is plaintiff Cosmetic Warriors Limited's ("CWL") Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Motion to Strike pursuant to Rule 12(f). (Rec. Doc. 10). The motions are before the Court on the briefs without oral argument. For the reasons set forth below, CWL's motion is GRANTED in part and DENIED in part.

**BACKGROUND**

Plaintiff, CWL, filed suit against defendant Lush Boutique, L.L.C. ("Lush Boutique") alleging trademark infringement and unfair competition pursuant to the Lanham Act, as well as unfair competition and unfair or deceptive trade practices under Lousiana state law, breach of contract, breach of implied covenant of good faith, and promissory estoppel. (Rec. Doc. 1). According to the complaint, CWL is a corporation organized under the laws of the United Kingdom with operations in the United States, including retail stores within the State of

---

[1] Kayvon Sarraf, a third-year student at Tulane University Law School, assisted in the preparation of this Order and Reasons.

1

Louisiana and a Web site at www.lush.com. (Rec. Doc. 1). CWL supplies bath and beauty products and owns federally registered trademarks in LUSH and LUSH FRESH HANDMADE COSMETICS and DESIGN. (Rec. Doc. 1). It uses these marks in connection with cosmetic preparations and affiliated services in the nature of skin creams and moisturizers, perfumes, bath preparations and retail store services. (Rec. Doc. 1).

CWL alleges that Lush Boutique operates a retail clothing and accessories store under the LUSH mark at 5926 Magazine Street in New Orleans, less than five miles away from CWL's LUSH store in New Orleans. (Rec. Doc. 1). CWL alleges that its mark is inherently distinctive and that Lush Boutique's use of the mark has caused confusion among its customers seeking CWL's products who have mistakenly traveled to Lush Boutique's store. (Rec. Doc. 1). CWL further alleges that Lush Boutique agreed to change its store name, only to renege on this agreement. (Rec. Doc. 1).

In its motion, CWL seeks to dismiss Lush Boutique's counterclaim under Rule 12(b)(6) and to strike several affirmatives defenses for failure to meet the pleading standards set forth in Rules 8 and 9, thus failing to give CWL notice of the grounds upon which they rest. (Rec. Doc. 10).

**DISCUSSION**

*A. Motion to Strike*

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 8(c) states that a party must affirmatively state any affirmative defense. Rule 9(b) provides a higher standard for any allegations of fraud, requiring a statement of

particularity showing the circumstances constituting fraud or mistake. Finally, under Rule 12(f), a court may strike from a pleading any insufficient defense.

The United States Supreme Court recently clarified that to meet the requirements of Rule 8, in order to provide proper notice of the grounds upon which a claim rests, a claim requires enough facts to state a claim to relief that is "plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). The Fifth Circuit held in *Woodfield v. Bowman* that an affirmative defense is subject to the same pleading requirements as the Complaint. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). Despite the relaxed pleading standards of Rule 8, a defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced. *Synergy Management, LLC v. Lego Juris, A/S*, 2008 WL 4758634 (E.D. La. Oct. 24, 2008). In some cases, merely pleading the name of the affirmative defense may be sufficient. *Woodfield*, 193 F.3d at 362. The "fair notice" pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise. *Id.* The inquiry into whether the plaintiff was unfairly surprised is a fact-specific analysis. "Boilerplate" defensive pleading is not sufficient under Rule 8(c). *Id.*

Per Rule 9(b), when alleging fraud, the standard is even higher. A party must state with particularity the circumstances constituting fraud. *Id.* The Fifth Circuit has stated that pleading fraud with particularity requires time, place, and contents of the false representation, as well as the identity of the person making the representation and what that person obtained thereby. *Williams v. WMX Techs., Inc.* 112 F.3d 175, 177 (5th Cir. 1997).

In the present case, several of the affirmative defenses asserted by Lush Boutique bear

3

little relation to the facts of this case based on the Complaint (Rec. Doc. 1) and Answer. (Rec. Doc 4). They appear to consist of the boilerplate language that is not sufficient to fulfill the requirements of Rule 8(c). For example, Lush Boutique asserts: "Plaintiff's claims are barred by laches"; "Plaintiff's claims are barred by the doctrine of equitable estoppel"; and "Plaintiff's claims are barred by the Plaintiff's abandonment of the trademark at issue." (Rec. Doc. 4 at 6-9). Based on the facts presently available, these affirmative defenses fail to provide enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced.

Further, Lush Boutique's Tenth Affirmative Defense, "Plaintiff's claims are barred because any applicable trademark was obtained by fraud," falls far short of the requirements for alleging fraud under Rule 9(b). Lush Boutique includes no particularities; it must provide the time, place, and contents of the false representation, as well as the identity of the person making the representation and what the person obtained thereby. *Williams*, 112 F.3d at 177.

Because the Court finds that several of Lush Boutique's affirmative defenses lack sufficient information to put CWL on notice, it grants the motion to strike without prejudice to Lush Boutique's right to seek leave to amend its answer to plead with greater specifity, as to the following:

(1) The Sixth, Thirteenth, and Sixteenth Affirmative Defenses pursuant to Rule 8(c); and

(2) The Tenth Affirmative Defense pursuant to Rule 9 (b).


*B. Motion to Dismiss*

CWL also seeks to dismiss Lush Boutique's counterclaim under Rule 12(b)(6) for failure

to state a claim upon which relief can be granted. Lush Boutique's counterclaim includes, *inter alia*, what the Court interprets as a request for declaratory judgment that it has not infringed any trademark owned by CWL, as well as a demand for costs and attorney's fees. The counterclaim meets the standard set forth in *Twombly* by sufficiently stating a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570.

Accordingly,

IT IS ORDERED that the Motion to Strike pursuant to Rule 12(f) is GRANTED without prejudice to Lush Boutique's right to seek leave to supplement its answer, within 15 days of the entry of this Order and Reasons, as detailed herein, and the Motion to Dismiss pursuant to Rule 12 (b)(6) is DENIED. (Rec. Doc. 10)

New Orleans, Louisiana, this 1st day of February, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE